IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-03361-BO

| | |
|---|---|
| JUSTIN JARELL EASON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     ORDER<br>) |
| OFFICER AKENYA MYERS, | )<br>) |
| Defendant. | ) |

Justin Jarell Eason ("plaintiff"), a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendant Correctional Officer Akenya Myers ("defendant"). The matter now is before the court on defendant's unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 19) and motion to seal (DE 23). For the following reasons, the court grants in part and denies in part defendant's motion to seal, and grants his motion for summary judgment.

**STATEMENT OF THE CASE**

On December 8, 2020, plaintiff filed his unverified complaint, alleging claims pursuant to the Eighth Amendment to the United States Constitution, arising out of a slip and fall accident at Maury Correctional Institution ("Maury") on September 15, 2020. On April 13, 2021, the court conducted its initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court allowed plaintiff to proceed with his Eighth Amendment claim against defendant based upon defendant's alleged failure to take plaintiff for medical treatment immediately following the alleged slip and fall. The court dismissed the remainder of plaintiff's claims pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). On August 11, 2021, North Carolina Prisoner Legal Services ("NCPLS") was appointed to conduct discovery on plaintiff's behalf pursuant to the court's Standing Order 20-SO-1. See (DE 15). On December 8, 2021, NCPLS notified the court it assisted plaintiff with discovery and provided him legal advice, and that it would not provide further representation to plaintiff. (DE 18).

On January 10, 2022, defendant filed a motion for summary judgment pursuant to Rule 56(a), along with a memorandum in support, statement of material facts, and an appendix. Defendant's appendix included: a personal declaration; a declaration from defendant's attorney J. Locke Milholland, IV; portions of plaintiff's medical records; and grievance-related documents. Defendant also filed a motion to seal. Plaintiff did not oppose either motion.

## STATEMENT OF FACTS

Plaintiff's cause of action arose out of a slip and fall in the shower at Maury on September 15, 2020 at 9:55 pm. ((DE 1) ¶ V). Specifically, plaintiff asserts:

> While I was washing my body in the shower the floor was wet and slippery. The safety mat[] was not in the shower and there was a big hole in the floor where the shower drain was located. My right foot slipped into the shower drain and I twisted my ankle. When I tried to catch myself my finger bent backwards against the wall and it sprung. I then hit my back against the guard rail.

(Id.) At some point, plaintiff informed defendant that he had fallen in the shower, and requested to be seen by a nurse. ((DE 22-4) ¶ 5). A nurse was not immediately available, and defendant escorted plaintiff back to his cell. ((DE 22-4) ¶ 5). Defendant states in his declaration that plaintiff did not limp as he escorted him back to his cell, and did not appear to have any injuries. (Id.)

2

The next day, plaintiff attended an appointment with Nurse Susan Morry at 10:39 am. ((DE 22-2), p. 5). Plaintiff complained of lower back pain. (Id.) The nurse noted no gait abnormality and treated plaintiff "per non-urgent joint and trauma protocol." (Id. pp. 5-6). Plaintiff's finger was swollen and buddy taped. (Id. p. 6). The nurse provided the following instruction: "Apply ice for 1st 24 hr at 20 minute intervals TID to his back and then warm/moist heat to affected area twice daily." (Id.) The nurse also instructed plaintiff to follow-up with a sick call request as needed. (Id.) Plaintiff again was treated for lower back pain at Maury's medical center on September 22, 2020. ((DE 22-2), p. 1). Plaintiff reported that he had been experiencing lower back pain "on and off . . . for several weeks." (Id. p. 2). Plaintiff was treated with Ibuprofen. (Id. p. 3).

## DISCUSSION

A.  Motion to Seal

Defendant moves the court to issue an order sealing his memorandum in support of his motion for summary judgment, statement of material facts not in dispute, and the appendix. Local Rule 26.1(a)(1) of this court's Local Rules of Practice and Procedure require that medical records not be open to inspection or copying by any person except the parties and their attorneys. It further requires the filing of any such records to be accompanied by a motion to seal. Portions of plaintiff's medical records are contained in defendant's appendix. See (DE 22). Based upon the foregoing, defendant's motion to seal is GRANTED as to defendant's appendix, and the Clerk of Court is DIRECTED to maintain defendant's appendix (DE 45) under seal. See, e.g., Roberson v. Paul Smith, Inc., No. 5:07-CV-284-F, 5:08-CV-40-F, 2010 WL 2332282, at *1 (E.D.N.C. June 9, 2010). The remainder of defendant's motion to seal is DENIED. See, Va. Dep't of State Police v.

3

Washington Post, 386 F.3d 567, 578 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).

B. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

2. Analysis

Defendant raises the affirmative defense of qualified immunity in this § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of

4

a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first determines whether plaintiff has established a constitutional violation.

Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). To prove such a claim, a plaintiff "must demonstrate that the officers acted with deliberate indifference (subjective) to [his] serious medical needs (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotations omitted). Although "deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In addition, the prison official "must also have recognized that his actions were insufficient to mitigate" the objectively serious condition, medical need, or risk of harm. Iko, 535 F.3d at 241 (quotation and emphasis omitted).

"A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at substantial risk of serious harm, such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022) (quotations omitted); see also, Formica v. Aylor, 739 F. App'x 745, 755

(4th Cir. 2018); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008). Here, the length of the delay was minimal, and the treatment provided plaintiff on September 16, 2020, was consistent with non-emergent injuries. Plaintiff, additionally, has not shown that his condition markedly deteriorated during the time period between his injury and his appointment with the nurse.

There, additionally, is no evidence that defendant perceived plaintiff required immediate medical attention, or that defendant disregarded plaintiff's medical needs. Significantly, plaintiff did not submit a sick call request or otherwise request medical care after defendant escorted plaintiff to his cell. Moreover, defendant is not a medical professional and was not responsible for providing plaintiff medical care. See Iko, 535 F.3d at 242 (citations omitted); Lee v. Young, 533 F.3d 505, 511 (7th Cir. 2008) ("[I]n determining the best way to handle an inmate's medical needs, prison officials who are not medical professionals are entitled to rely on the opinions of medical professionals."). Finally, plaintiff relies solely upon the allegations in his unverified complaint, which are insufficient to defeat summary judgment. See Fed. R. Civ. P. 56(e); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Bennett v. Cane, No. 1:20cv56, 2022 WL 319827, at *3 (E.D. Va. Feb. 2, 2022). Based upon the foregoing, plaintiff cannot establish an Eighth Amendment violation, and defendant is entitled to qualified immunity.

## CONCLUSION

In summary, defendant's motion to seal (DE 23) is GRANTED as to defendant's appendix, and the Clerk of Court is DIRECTED to maintain defendant's appendix (DE 22) under seal. The remainder of defendant's motion to seal (DE 23) is DENIED. Defendant's motion for summary judgment (DE 19) is GRANTED. The Clerk of Court is DIRECTED to amend the court's caption

to reflect that defendant's full name is Akenya Myers. The Clerk also is DIRECTED to close this case.

SO ORDERED, this the 4 day of August, 2022.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge